# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON MOORE,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　　　　　　Respondent. | Civil No.　08cv1207-LAB (WMc)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than September 9, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

　　　　In addition, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S.D. CAL. CIVLR HC.2(b). Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

In addition, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has incorrectly named "People of the State of California" as Respondent. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

Further, the Court notes that Petitioner has not alleged exhaustion of his state court remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

1  § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial
2  remedies, a California state prisoner must present the California Supreme Court with a fair
3  opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28
4  U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court
5  remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights
6  have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:
7  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
8  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>
9  <u>United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas
10  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
11  <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only
12  in federal court, but in state court." <u>Id.</u> at 366 (emphasis added). If Petitioner has raised his
13  claim in the California Supreme Court as a federal claim he must so specify. The burden of
14  proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d
15  1103, 1104 (9th Cir. 1981).

16  Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
17  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
18  of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation
19  period shall run from the latest of:

20  (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the time for seeking
21  such review;

22  (B) the date on which the impediment to filing an application
    created by State action in violation of the Constitution or laws of the
23  United States is removed, if the applicant was prevented from filing
    by such State action;
24
    (C) the date on which the constitutional right asserted was
25  initially recognized by the Supreme Court, if the right has been
    newly recognized by the Supreme Court and made retroactively
26  applicable to cases on collateral review; or

27

28  / / /

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to name a proper respondent and has failed to allege exhaustion of state court remedies.

This action is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement, failing to use a court-approved form, failing to name a proper respondent and failing to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this action he must, **no later than <u>September 9, 2008</u>,** satisfy the filing fee requirement **and** file a First Amended Petition which cures the pleading defects identified in this Order. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:** July 11, 2008

*Larry A. Burns*

HONORABLE LARRY ALAN **BURNS**
**United States District Judge**